## Lutsko v. Sawka

*Edward N. Cahn*, for plaintiff.

*Harry P. Creveling*, for defendant.

KOCH, J., March 13, 1962.—This action in trespass was commenced by the issuance of a summons on December 6, 1961. On December 29, 1961, plaintiff filed and served interrogatories upon defendant in accordance with Pa. R. C. P. 4005.

Defendant has filed objections to interrogatories 7 and 9-13.

In view of the fact that plaintiff has not filed a complaint, we are somewhat handicapped in determining the specific nature of the action. The questions propounded would lead us to believe that the cause of action is one of slander. While it is true that Pa. R. C. P. 4007, subject to the limitations provided by Pa. R. C. P. 4011, permits discovery for the purpose of substantially aiding in the preparation of the pleadings, the privilege is not without limitation. We concur with the principle set forth in Rosenbaum Co. v. Tomlinson, 7 D. & C. 2d 500, where Judge Montgomery of Allegheny County, now of the Superior Court, said, page 502: "It is the opinion of this court that rule 4007 should be given a broad interpretation so as to allow discovery in aid of preparation or trial of a case. However, some limitation should be placed upon the use of discovery where it appears that the purpose of the dis-

covery is not to 'substantially aid' in the preparation of the pleadings or the preparation or trial of the case, but where the purpose is to determine whether or not a cause of action in fact exists . . ."

The proposition advanced by plaintiff that her cause of action might be for tortious interference of business, depending upon the results of the discovery process, can be interpreted by us only as an effort to gain defendant's assistance in making up her mind. While the principle of liberality underlies this Rule of Civil Procedure, it is not the policy of this court to allow unlimited discovery. A similar situation prevailed in Hedden v. Titman, 50 Luz. 118, where a plaintiff instituted an action in assumpsit by a writ of summons and plaintiff was denied discovery to determine whether his action should allege an express contract, an implied contract, or no contract at all.

In Purcell v. Westinghouse Broadcasting Co., 10 D. & C. 2d 729, a summons in trespass was issued. No complaint had been filed. The petition for discovery averred that the action was for libel and slander by reason of a broadcast on a radio station and that plaintiff did not have access to a recording or transcript of the alleged libellous material on a specific date between specific hours. Discovery was permitted but it is clear that, in that case, the sworn information before the court and defendant was specific. Here we have before us only general statements from plaintiff's brief, and defendant would be obliged to guess at the charges with which he will eventually be confronted.

In the light of these general principles we will consider each of the objections.

Question 7 is as follows:

"At any time within the last six years did you, by means of oral statements, impugn the chastity or criticize the sexual conduct of Anna Lutsko, formerly known as Anna Koromas? If the answer is "Yes",

please list the place, date, time and persons present when such statements were made. Please quote or paraphrase such statements to the best of your ability."

The information requested in this interrogatory is far too general in its scope. We agree that the words "impugn the chastity or criticize the sexual conduct" are so indefinite in nature that defendant, who is a minister of the gospel, might well experience great difficulty in setting forth a verified answer. Moreover, the request to search his memory over a six year period is unreasonable in light of the statutory requirement that, if the suit is in slander, the action must be brought within one year after the alleged defamation. 12 PS §§31, 32.

Question 9 is as follows: "Did you on any other occasions, by means of oral statements, impugn the chastity or criticize the sexual conduct of Anna Lutsko, formerly known as Anna Koromas? If so, state the date and place where such statements were made and list the persons present when such statements were made." This interrogatory must be considered in the light of no. 8, which was answered by defendant and indicates that a conversation was held one and one half years ago with Wallace H. Webster, Jr., Esq., a member of this bar, in which defendant acknowledges a conversation but does not recall the details thereof. Question 9 improperly assumes that defendant made statements concerning plaintiff's chastity and sexual conduct. In addition, this interrogatory is subject to the precise objections which we sustained with respect to interrogatory no. 7.

What we have held with respect to interrogatories 7 and 9 apply to the objections to interrogatories 10 and 12.

Interrogatory 11 is as follows: "Have you at any time instructed any one not to patronize the beauty shop of Anna Lutsko, formerly known as Anna Koro-

mas?" Defendant maintains that this requires a disclosure of evidence which is not competent or relevant in the within action. If the action is based upon slander, the information sought would be relevant with respect to damages. On the other hand, if plaintiff ultimately files her complaint alleging tortious interference with her business as the operator of a beauty parlor, such evidence would be proper. We are of the opinion that defendant should answer the interrogatory.

Objection is also made to interrogatory 13 which is as follows: "Within the last year, have you ever made a statement to your congregation that Anna Lutsko, formerly known as Anna Koromas, was a slob and that if she came to a congregational meeting you would remove her by her neck? If so, please quote or paraphrase the statement you made, and list the names and addresses of the people in whose presence such statement was made." Defendant contends that the use of the word "slob" is not actionable. An accepted definition of the word in question is "slovenly person." Webster's New Collegiate Dictionary. Since plaintiff is engaged in the type of business where neatness is an expected quality, an imputation that she is slovenly might well affect her and serve as the basis for an action if uttered within the last year. See Sum. Pa. Jur. Torts §455. See also Birl v. Philadelphia Electric Co., 402 Pa. 297. Plaintiff is entitled to this information and the names and addresses of any persons in whose presence such statement may have been made. The remaining information requested cannot be construed as aiding plaintiff in the preparation of a pleading.

*Order*

Now, March 13, 1962, defendant's objections to interrogatories 7, 9, 10 and 12 are sustained and defendant is directed to answer interrogatories 11 and 13 in accordance with the within opinion.